**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

LOVEPREET SINGH,                      )
                                      )
              Petitioner,             )
                                      )
v.                                    )        Case No. CIV-26-279-J
                                      )
SCARLET GRANT, et al.,                )
                                      )
              Respondents.            )

## ORDER

Petitioner Lovepreet Singh, proceeding pro se, is currently in the custody of Immigration and Customs Enforcement (ICE). He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking release, or in the alternative, a bond hearing [Doc. No. 1]. The matter was referred to United States Magistrate Judge Amanda L. Maxfield who issued a Report and Recommendation [Doc. No. 11] recommending that the Court: (1) deny the Petition to the extent it seeks immediate release; (2) grant the Petition to the extent it seeks a bond hearing under 8 U.S.C. § 1226 and order Respondents to provide Petitioner with an individualized bond hearing within seven days of the judgment in this matter, or else release him from custody; (3) order that Respondents shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community at the bond hearing; and (4) order Respondents to certify compliance by filing a status report within ten days of the Court's order.

Respondents filed a timely Objection [Doc. No. 12], requiring the Court to make a de novo determination as to the portions of the Report and Recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023). For the reasons discussed below, the Report and Recommendation is ADOPTED IN PART and

the Petition is GRANTED to the extent it alleges Petitioner's lack of a bond hearing violates federal law.

## I.     Background

Petitioner is a citizen of India who entered the United States on May 9, 2023, without inspection or parole.  [Doc. No. 8 at 6; Doc. No. 10 at 1–2].  Petitioner alleges he was previously "release[d] on conditional parole" or "on [his] own recognizance" and "subject to set conditions of release" on May 11, 2023.  [Doc. No. 1 at 2, 6; Doc. No. 10 at 2].  In August 2023, ICE instituted removal proceedings against Petitioner, noting that "at the time of application for admission," Petitioner was not "in possession of a valid unexpired passport, or other suitable travel document, or document of identity and nationality."  [Doc. No. 8-1 at 1, 4].  During his removal proceedings, Petitioner filed a Form I-589 asylum application and an amended application, seeking lawful residence in the United States.  *See* [Doc. Nos. 8-2 & 8-2].  In December 2025, Petitioner was re-detained "at a weigh station under the guise of inspection" and without a warrant, probable cause, prior notice, or a material change in circumstances.  [Doc. No. 10 at 2].  Petitioner asserts the Immigration Judge refused to grant a bond hearing for lack of jurisdiction.  [Doc. No. 1 at 6].  Respondents contend a bond hearing is not required because Petitioner was properly re-detained under 8 U.S.C. § 1225(b)(2).  [Doc. No. 8 at 8–10].

## II.     Analysis

Respondents raise two objections.  First, Respondents focus "on the R&R's failure to apply the plain meaning of § 1225(b)(2)(A)."  [Doc. No. 12 at 1].  However, this argument was already raised in the Response, addressed in the Report and Recommendation, and now repeated in the Objection.  *See* [Doc. No. 8 at 8–10; Doc. No. 11 at 3–4, 8–13; Doc. No. 12 at 2–8 (quoting sections of the Response nearly verbatim)].  An objection that merely reiterates arguments previously

presented to the magistrate judge, or that expresses general disagreement with the recommendation, is insufficient to require de novo review. *E.g., Valle v. Jones*, No. CIV-25-1161-J, 2025 WL 3488290, at *2 (W.D. Okla. Dec. 4, 2025) (collecting cases); *see also Cisneros v. Gomez*, No. CIV-21-825-PRW, 2023 WL 2543435, at *1 (W.D. Okla. Mar. 16, 2023).[1]  Even if the Court engaged in de novo review, this Court, and indeed most courts in this circuit and nationwide, have repeatedly concluded that § 1226(a) controls in this situation.  *See Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026) (collecting cases); *Singh v. Bondi*, No. CIV-26-43-J, 2026 WL 483482, at *2 (W.D. Okla. Feb. 20, 2026).  Unless the Tenth Circuit or Supreme Court hold differently, the matter is well settled in this Court and further discussion is unwarranted.[2]

Second, Respondents object to Judge Maxfield's conclusion "that the United States should bear the quantum and burden of proof at any such future bond hearing."  [Doc. No. 12 at 9].  Although this objection warrants de novo review, the Court declines to reach the merits because the issue is not properly raised.

As a preliminary matter, Respondents point out that Petitioner has not raised the issue in the Petition.  [Doc. No. 12 at 9].  The Court agrees.  Here, even a broad reading of the Petition does not reasonably raise the issue as to who must bear the burden of proof at the bond hearing.

---

[1]  Respondents "acknowledge this Court's prior rulings and understand that the same holding will likely be applied in this case," but submit the Objection "to preserve appellate issues" and because other courts, including the Fifth and Eighth Circuits have reached a different conclusion.  [Doc. No. 12 at 1]; *see Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026).  But the Court has previously acknowledged those cases and concluded they do not disturb its analysis or compel a different conclusion.  *See Damian v. Jones*, No. CIV-25-1561-J, 2026 WL 446295, at *1 (W.D. Okla. Feb. 17, 2026); *Singh v. Grant*, No. CIV-26-55-J, 2026 WL 915691, at *1 (W.D. Okla. Apr. 3, 2026).

[2]  Because the Court grants Petitioner relief under § 1226(a), it declines to address the alternative argument that Petitioner's detention without a bond hearing violates the Fifth Amendment.

And, as Judge Maxfield notes in the Report and Recommendation, although the Court should liberally construe a pro se litigant's pleadings, "the court cannot serve as Petitioner's advocate, creating arguments on his behalf." [Doc. No. 11 at 2 n.2 (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008)]. At best, Petitioner only briefly raises the issue in the conclusion of his Reply, in which he requests a "bond hearing before a neutral decision maker where ICE has the burden of proving flight risk or dangerousness to justify continued detention." [Doc. No. 10 at 12–13]. But it is well established that issues raised for the first time in a reply are deemed waived. *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 768 n.7 (10th Cir. 2009) ("[T]he general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief."); *see Mikado v. Allbaugh*, No. CIV-15-1389-D, 2016 WL 3579228, at *2 (W.D. Okla. June 28, 2016).

Finally, even if the Court were to overlook the waiver and treat the issue as properly raised within Petitioner's Fifth Amendment due process claim, it is premature and not fit for adjudication at this stage. A claim is not ripe for adjudication if it rests upon "'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 580–581, (1985) (quoting 13A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3532 (1984)). At this point in time, no immigration judge has conducted a bond hearing in Petitioner's case, much less allocated the burden of proof or applied the particular facts of this case to that evidentiary framework. Accordingly, the Court declines to issue an advisory opinion instructing the Immigration Judge to apply a particular burden of proof. *See Jalloh v. Garland*, No. CIV-22-908-R, 2023 WL 3690252, at *2 (W.D. Okla. May 26, 2023) (declining to prospectively order an Immigration Judge to adhere to a specific

burden of proof at the bond hearing); *Bolus A. D. v. Sec'y of Homeland Sec.*, 376 F. Supp. 3d 959, 963 (D. Minn. 2019).

### III.    Conclusion

For the reasons above, the Report and Recommendation [Doc. No. 11] is ADOPTED IN PART and Petitioner's Petition for Writ of Habeas Corpus is GRANTED in so far as it finds Respondents violated the Immigration and Nationality Act.  Accordingly, the Court ORDERS Respondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) or otherwise release Petitioner within seven days of the Judgment filed this same day.  Respondents shall also certify compliance within ten days of this Order's date.

A separate judgment will enter.

IT IS SO ORDERED this 16th day of April, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE